This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: March 25, 2024**

**No. S-1-SC-38820**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**JORGE REYES,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Bruce C. Fox, District Judge**

Hector H. Balderas, Attorney General
Charles J. Gutierrez, Assistant Attorney General
Santa Fe, NM

for Petitioner

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Respondent

### DISPOSITIONAL ORDER OF REVERSAL

**THOMSON, Justice.**

**{1}** WHEREAS, this matter came on for consideration upon the State's direct appeal under Rule 12-102(A)(3) NMRA and Rule 5-802 NMRA of the district court's order granting Defendant Jorge Reyes's petition for writ of habeas corpus and concluding that, based on *State v. Sena*, 2021-NMCA-047, 495 P.3d 1163, Defendant, who was convicted of Child Solicitation by Electronic Device (CES) contrary to NMSA 1978,

Section 30-37-3.2(C)(1) (2007), was subject to the general period of parole under NMSA 1978, Section 31-21-10(D) (2009), rather than the extended parole period under the sex offender parole statute, NMSA 1978, Section 31-21-10.1(A) (2007) (requiring the imposition of an indeterminate period of parole of either five to twenty years or five years to life for those convicted of certain sex offenses);

**{2}** WHEREAS, following full briefing, this Court ordered the appeal held in abeyance pending its disposition of *State v. Sena*, S-1-SC-38713;

**{3}** WHEREAS, this Court issued an opinion in *State v. Sena*, holding that defendants convicted of CES are subject to the imposition of an indeterminate parole sentence of five to twenty years under the sex offender parole statute, *see id.*, 2023-NMSC-007, ¶¶ 3-4, 25, 528 P.3d 631;

**{4}** WHEREAS, herein the Court concludes that the issue of law presented in this case was addressed by this Court's opinion in *Sena, id.*;

**{5}** WHEREAS, the Court exercises its discretion under Rule 12-405(B)(1) NMRA to dispose of this case by nonprecedential order rather than a formal opinion;

**{6}** WHEREAS, the Court having considered the foregoing and being otherwise sufficiently advised;

**{7}** NOW, THEREFORE, IT IS ORDERED that the Court's January 31, 2022, order in this matter is VACATED as to the abeyance; and

**{8}** IT IS FURTHER ORDERED that the district court's April 28, 2021, order granting Defendant's petition for writ of habeas corpus is REVERSED, and this matter is REMANDED to the district court for further proceedings, including the amendment of Defendant's parole sentence, in accordance with *Sena*, 2023-NMSC-007.

**{9}** **IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**BRIANA H. ZAMORA, Justice**